**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4613**

———————

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

GARY MICHAEL MOORE,

          Defendant – Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., Senior District Judge. (3:08-cr-00482-MJP-1)

———————

Submitted: November 24, 2010    Decided: December 14, 2010

———————

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Parks N. Small, Federal Public Defender, Aileen P. Clare, Research and Writing Specialist, Columbia, South Carolina, for Appellant. Winston David Holliday, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Michael Moore pleaded guilty, pursuant to a written plea agreement, to one count of possessing counterfeited securities of various organizations, in violation of 18 U.S.C. § 513 (2006). Moore moved for a downward departure pursuant to U.S. Sentencing Guidelines Manual §§ 5K2.13, p.s., 5K2.16, p.s. (2008). The district court departed four levels downward, and imposed a sentence of one year and one day. Moore appeals, and Moore's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but asking us to review the adequacy of the Fed. R. Crim. P. 11 hearing and the reasonableness of Moore's sentence. Finding no reversible error, we affirm.

Although counsel did not identify any error with the plea colloquy, we note that the district court did not advise Moore about the penalties for perjury if he testified falsely under oath, as required by Fed. R. Crim. P. 11(b)(1)(A), and that Moore could not withdraw his plea if the sentence imposed was longer than expected, as required by Fed R. Crim. P. 11(c)(3)(B). However, we find that these omissions did not affect Moore's substantial rights and therefore do not amount to plain error. See United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Neither Moore nor counsel asserts that the district court's omissions influenced Moore's decision to

2

plead guilty. Moreover, the district court's downward departure resulted in a sentence significantly lower than what Moore could have expected under his plea agreement with the Government.

Turning to Moore's sentence, we review it for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51.

This court must assess whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-51; United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). An extensive explanation is not required as long as the appellate court is satisfied "'that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations omitted). Finally, this court reviews the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it

3

chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

In this case, the record reflects that the sentence imposed is both procedurally and substantially reasonable. The district court spent considerable time carefully evaluating the facts and circumstances of Moore's case and the arguments of the parties. Ultimately, it granted Moore a significant downward departure, imposing a sentence approximately eighteen months below the Guidelines range initially calculated by the probation officer. We find no significant procedural error, and the totality of the circumstances support the extent of the departure and the sentence imposed.

In accordance with Anders, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Moore's conviction and sentence. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED